UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

NATHAN ANDREWS,
Individually and on Behalf of All
Others Similarly Situated,

      Plaintiffs,

  v.                                      Case No.: 2:19-cv-2514
                                            JUDGE EDMUND A. SARGUS, JR.
                                            Magistrate Judge Kimberly A. Jolson

PRODUCERS SERVICE
CORPORATION,

      Defendant.

**OPINION AND ORDER**

This matter is before the Court on Plaintiff's Motion for Conditional Certification of Collective Action, for Disclosure of Potential Opt-In Plaintiffs' Contact Information, and to Send Court-Approved Notice ("Motion to Certify"). (ECF No. 11). Plaintiff submits his Motion pursuant to 29 U.S.C. § 216(b). Producers Service Corporation ("Defendant") has not responded to Plaintiff's motion, and the time for doing so has lapsed. Accordingly, the Motion is ripe for disposition. For the following reasons, Plaintiff's Motion to Certify (ECF No. 11) is **GRANTED IN PART AND DENIED IN PART**.

**I.**

Plaintiff filed the present suit pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*., the Ohio Minimum Fair Wage Standards Act, Ohio Revised Code Chapter 4111, *et seq*., and the Ohio Prompt Pay Act, Ohio Revised Code Chapter 4113, *et seq*. Plaintiff seeks to recover unpaid overtime wages from Defendant for certain former and current non-

management oilfield operations employees who worked in excess of forty hours per week for the three-year period preceding the date on which Plaintiff filed his Complaint in this case.

Defendant is a for-profit corporation organized under the laws of Ohio that provides high pressure pumping, shale fracturing and acidizing, and water pumping services to its customers in the oil and gas industry. (Pl's Br. 1, 8, ECF No. 12; Andrews Decl. ¶ 4, ECF No. 11-7). Defendant operates in oil and gas fields in Ohio, Oklahoma, West Virginia, New Mexico, Pennsylvania, and Texas. (Andrews Decl. ¶ 18). Defendant employs non-management oilfield operations employees to serve as equipment operators or field service employees, whose primary job duties are to provide the manual labor required to implement the services Defendant offers its customers. (*Id.* ¶ 5).

Plaintiff worked as a field service employee for Defendant from April 2018 through November 2018. (*Id.* ¶ 3). At all times pertinent, Plaintiff worked in a non-managerial, hourly position performing manual labor at oil well sites assisting others in pumping and fracking oil wells. (*Id.* ¶¶ 5–6). Specifically, Plaintiff asserts that he and other members of the putative class all worked with the equipment involved in the pumping and fracking processes, "including loading, maneuvering, assembling, operating and disassembling the machinery." (*Id.* ¶ 9). Plaintiff was paid bi-weekly and claims that it was Defendant's company-wide pay practice to establish an employee's overtime compensation rate at the time they were hired, without taking into account regular bonuses paid to non-management oilfield operations employees. (*Id.* ¶ 7). Plaintiff declares that he has personal knowledge of these company-wide practices based on conversations he had with other non-management oilfield employees at multiple locations and with Defendant itself. (*Id.* ¶ 8).

Plaintiff seeks to have the Court conditionally certify a class consisting of:

2

> All non-management oilfield operations employees since June 17, 2016, excluding any individual who has an active Consent to Join filed in the case *Casarez v. Producers Service Corp.*, Case No. 2:17-cv-1086 (S.D. Ohio).

(Mot. Certify 1, ECF No. 11).[1]  Plaintiff estimates there are between 50 and 250 similarly situated individuals who worked as non-management oilfield employees during the relevant time period who were compensated in a manner similar to himself.  (Andrews Decl. ¶ 14 ).  Plaintiff also moves for an Order requiring Defendant to produce the names, last known home and work addresses, any and all email addresses, and telephone numbers for potential opt-in Plaintiffs within seven days of this Opinion and Order.  Finally, Plaintiff asks the Court to approve his proposed FLSA Notice and Consent to Join form.

## II.

Plaintiff moves for conditional certification under 29 U.S.C. § 216(b).  Section 216(b) of the FLSA provides:

> Any employer who violates the [minimum wage or overtime provisions of this title] shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages. . . .  An action to recover [this] liability . . . may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated.

29 U.S.C. § 216(b).  The Sixth Circuit has interpreted this provision as establishing two requirements for a representative action under the FLSA: Plaintiffs must (1) "actually be 'similarly situated;'" and (2) "must signal in writing their affirmative consent to participate in the action." *Comer v. Wal-Mart Stores, Inc.*, 454 F.3d 544, 546 (6th Cir. 2006) (quoting 29 U.S.C. § 216(b)).

"For FLSA collective actions, class certification typically occurs in two stages: conditional

---

[1] In *Casarez*, Plaintiff sought and obtained conditional certification of a similarly defined class.  *Casarez* is through the dispositive motions stage and is currently awaiting trial, pending the outcome of mediation.

and final certification." *Frye v. Baptist Mem'l Hosp., Inc.*, 495 F. App'x 669, 671 (6th Cir. 2012). Conditional certification occurs at the beginning of the discovery process. *Comer*, 454 F.3d at 546. This "notice stage" focuses on whether there are plausible grounds for plaintiffs' claims. *Cornell v. World Wide Bus. Servs. Corp.*, No. 2:14-CV-27, 2015 WL 6662919, at *1 (S.D. Ohio Nov. 2, 2015).

In order to obtain conditional certification a plaintiff need only show that "his position is similar, not identical, to the positions held by the putative class members." *Comer*, 454 F.3d at 546–47 (citing *Pritchard v. Dent Wizard Int'l*, 210 F.R.D. 591, 595 (S.D. Ohio 2002)). "The [FLSA] does not define 'similarly situated,' and neither has [the Sixth Circuit]." *O'Brien v. Ed Donnelly Enters., Inc.*, 575 F.3d 567, 584 (6th Cir. 2009) *abrogated on other grounds by Campbell-Ewald Co. v. Gomez*, 136 S. Ct. 663, 669 (2016), *as revised* (Feb. 9, 2016). Although courts are split as to what exactly a plaintiff must show at this stage, this Court has held that courts should not grant conditional certification "unless the plaintiff presents some evidence to support her allegations that others are similarly situated." *Harrison v. McDonald's Corp.*, 411 F. Supp. 2d 862, 868 (S.D. Ohio 2005). "The Court should consider 'whether potential plaintiffs were identified; whether affidavits of potential plaintiffs were submitted; whether evidence of a widespread discriminatory plan was submitted, and whether as a matter of sound class management, a manageable class exists.'" *Lewis v. Huntington Nat'l Bank*, 789 F. Supp. 2d 863, 868 (S.D. Ohio 2011) (quoting *Heaps v. Safelite Solutions, LLC*, No. 10-CV-729, 2011 WL 1325207, at *2 (S.D. Ohio Dec. 22, 2011)).

"District courts use a 'fairly lenient standard' that 'typically results in conditional certification of a representative class' when determining whether plaintiffs are similarly situated during the first stage of the class certification process." *White v. Baptist Mem'l Health Care Corp.*,

4

699 F.3d 869, 877 (6th Cir. 2012) (quoting *Comer*, 454 F.3d at 547).  Certification at this stage "is conditional and by no means final." *Comer*, 454 F.3d at 546.

If plausible grounds exist and conditional certification is granted, "plaintiffs are permitted to solicit opt-in notices, under court supervision, from current and former employees." *Cornell*, 2015 WL 6662919 at *1.  Final certification occurs after all class plaintiffs have opted in and discovery has concluded. *Comer*, 454 F.3d at 546.  "At this stage, 'trial courts examine more closely the question of whether particular members of the class are, in fact, similarly situated.'" *Rutledge v. Claypool Elec., Inc.*, No. 2:12-CV-159, 2012 WL 6593936, at *3 (S.D. Ohio Dec. 17, 2012) (quoting *Comer*, 454 F.3d at 547), *report and recommendation adopted by* No. 2:12-CV-159, 2013 WL 435058 (S.D. Ohio Feb. 5, 2013).  Courts employ a stricter standard to determine if class plaintiffs are "similarly situated" because courts have access to more information on which they can rely than they did at the conditional certification stage. *Comer*, 454 F.3d at 547 (citing *Morisky v. Pub. Serv. Elec. & Gas Co.*, 111 F. Supp. 2d 493, 497 (D.N.J. 2000)).  "Plaintiffs generally must produce 'more than just allegations and affidavits' demonstrating similarity in order to achieve final certification." *Frye*, 495 F. App'x at 671 (6th Cir. 2012) (quoting *Morgan v. Family Dollar Stores, Inc.*, 551 F.3d 1233, 1261 (11th Cir. 2008)).  Finally, a defendant "may file a motion to decertify the class [at this stage] if appropriate to do so based on the individualized nature of the plaintiff's claims." *Swigart v. Fifth Third Bank*, 276 F.R.D. 210, 213 (S.D. Ohio 2011) ("*Swigart I*").

## III.

Plaintiff has moved for conditional class certification and court-supervised notice for:

All non-management oilfield operations employees since June 17, 2016, excluding any individual who has an active Consent to Join filed in the case *Casarez v. Producers Service Corp.*, Case No. 2:17-cv-1086 (S.D. Ohio).

(Mot. Cert. 1, ECF No. 11).  In addition, Plaintiff asks that the Court require Defendant to produce the names and contact information for all putative plaintiffs within seven days of this Opinion and Order and approve Plaintiff's proposed Notice and Consent to Join forms.  The timeframe for briefing these issues has closed.

**A.**     **Plaintiff's Motion to Certify**

As a preliminary matter, Defendant has not contested Plaintiff's Motion to Certify.  At this juncture, Plaintiff has satisfied his light burden in showing that he is similarly situated to the putative plaintiffs whom he seeks to represent in this matter.  Further, as Plaintiff points out in his Brief in Support, this Court conditionally certified a similar class in *Casarez*, and Defendant made no attempts to carve out portions of the putative plaintiffs as "not similarly situated" when it moved for summary judgment in that case.  (Pl's Br. 10, ECF No. 12).  The FLSA does not prohibit an eligible putative plaintiff from opting into one collective action after declining to opt-in to another.  Accordingly, Plaintiff's Motion to Certify is **GRANTED**.

**B.**     **Plaintiff's Proposed Notice of Collective Action Lawsuit and Consent to Join Form**

In addition to asking the Court to certify Plaintiff's proposed class, Plaintiff requests that the Court:

1) Approve the form and content of Plaintiff's proposed Notice (ECF No. 11-1); Consent to Join (ECF No. 11-2); Electronic Transmissions (ECF No. 11-3); Electronic Consent to Join Collective Action (ECF No. 11-4); and Mail Reminder Postcard (ECF No. 11-5);

2) Order Defendant to produce contact information for each putative plaintiff within seven days of this Opinion and Order;

3) Allow for a ninety-day opt-in period, to begin three days after Defendant produces the putative plaintiffs' contact information;

6

4) Allow Plaintiff to send the applicable Notice and Consents to each putative plaintiff via first class mail and electronic mail, or alternatively, via first class mail and text message; and

5) Allow Plaintiff to send a reminder Notice via first class mail and electronic mail, or alternatively, via first class mail and text message to putative plaintiffs who do not respond to the original Notices.

The Court will address each of these requests below and notes that Defendant's failure to respond to Plaintiff's Motion to Certify does not relieve the Court of its obligation to promote judicial economy and "ensure that the notice is timely, accurate, and informative[.]" *Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 166 (1989). As such, the Court will review, and where necessary, tailor the proposed notice and terms of delivery.

### 1. The Form and Content of the Notice and Consent to Join Forms

The Court generally approves the form and content of Plaintiff's proposed Notice, ECF No. 11-1, with the exception that Plaintiff shall include in Paragraph 9 the sentence, "**Please do not contact the Court for additional information concerning this lawsuit.**" The Court also approves the form and content of Plaintiff's proposed Consent to Join, the email portion of the Electronic Transmissions, the Electronic Consent to Join Collective Action, and the Mail Reminder Postcard. (*See* ECF Nos. 11-2–11-5).

### 2. Defendant's Production of Contact Information

Plaintiff requests that Defendant produce, in Microsoft Excel or some other modifiable form, the last known name, home and work address, email address, and telephone number for

7

every potential class member within seven days of this Opinion and Order. [2]  At the outset, the Court recognizes that seven days is a relatively short amount of time for this type of production in FLSA cases.  Defendant, however, had the opportunity to object to this term and did not.  It is estimated that Defendant will have to gather the above-mentioned information for between 50 and 250 putative plaintiffs.  Defendant has also had time to contemplate that it would eventually have to produce this information, given both its decision not to oppose the Motion and the current procedural posture in *Casarez*.  For these reasons, the Court hereby orders Defendant to produce the requested information to Plaintiff within seven days of this Opinion and Order.

Plaintiff also requests, in the event any first-class mail Notice is returned as undeliverable, that Defendant produce, within three days of being notified, the date of birth and partial social security number of the intended recipient so that Plaintiff may attempt to find a current address.  The Court also approves this request.

### 3. Ninety-Day Opt-In Period

"There is no hard and fast rule controlling the length of FLSA notice periods." *Ganci v. MBF Inspection Servs., Inc.*, No. 2:15-CV-2959, 2016 WL 5104891, at *2 (S.D. Ohio Sept. 20, 2016).  Courts in this District have exercised their discretion and found appropriate opt-in periods lasting anywhere from forty-five to ninety days, depending on the circumstances. *Compare Snelling v. ATC Healthcare Servs., Inc.*, No. 2:11-CV-00983, 2013 WL 1386026, at *6, n.3 (S.D. Ohio Apr. 4, 2013), *with Atkinson v. TeleTech Holdings, Inc.*, No. 3:14-CV-253, 2015 WL 853234, at *1 (S.D. Ohio Feb. 26, 2015).  In *Fenley v. Wood Group Mustang, Incorporated*, this Court allowed a ninety-day opt-in period, noting that "Courts in this District have found 90 days to be

---

[2] As an alternative to sending the Notice via regular mail and email, Plaintiff requests that the Court allow Plaintiff to send the Notice via regular mail and text message.  As explained in further detail below, the Court declines Plaintiff's alternative request and only permits dissemination via postal and electronic mail.  As such, Defendant need not produce the telephone number for each putative plaintiff.

8

an appropriate notice period on many occasions." 170 F. Supp. 3d at 1075. As further justification, the Court noted, "[p]laintiff alleges that many Inspectors have demanding work schedules which require them to be away from their homes for long periods of time." *Id.* at 1076. Similarly, Plaintiff argues here that many potential class members "may have contact information that differs from Defendant's records, and as oilfield workers, the putative class members are often away from home for long stretches of time." Pl's Br. 12, ECF No. 12. Accordingly, the Court approves Plaintiff's proposed ninety-day opt-in period.

### 4. Method of Delivery

Plaintiff requests to send the Notice and Consent to Join forms to the putative class members by first class mail and email, or, alternatively, by first class mail and text message. "Courts traditionally approve only a single method of notification unless there is a reason to believe that method is ineffective." *Hall v. U.S. Cargo & Courier Serv., LLC*, 299 F. Supp. 3d 888, 899 (S.D. Ohio 2018) (citing *Fenley*, 170 F. Supp. 3d at 1074). "The trend in this Court, however, is to allow notice by mail and email to ensure that putative class members receive notice of the pending action." *Parker v. Breck's Ridge, LLC*, No. 2:17-CV-633, 2018 WL 551328, at *6 (S.D. Ohio Jan. 24, 2018) (citing cases). Allowing email delivery in addition to first class mail "will (i) increase the likelihood that all potential opt-in plaintiffs receive notice of the suit and (ii) likely obviate the need to resend notice if an employee's home address is inaccurate." *Id.* In *Casarez*, Plaintiff requested to send the Notice to all putative plaintiffs by first class mail, electronic mail, and text message. After discussing applicable caselaw, this Court held that Plaintiff could only send a text message "upon a showing that notice by postal and electronic mail is insufficient as to any given potential opt-in plaintiff." 2018 WL 2389721 at *8. In contrast, here, Plaintiff only

seeks to send notice via text message as an alternative means of service to email.  Accordingly, Plaintiff may send the Notice by both first-class mail and email, but not by text message.

     **5.**     **Reminder Notice**

Plaintiff urges the Court to permit the sending of a reminder Notice to any putative plaintiff who does not respond within thirty days after the initial Notices are sent.  Plaintiff generally cites inherent flaws with the mail delivery system and the desire to notify as many potential class members as possible as reasons for allowing a reminder Notice to be sent.  Plaintiff further argues that "courts around the country, including courts in Arkansas, have recognized the usefulness of a reminder notice."  (Pl's Br. 17).  This Court allowed a similar notice to be sent in *Casarez* and will follow suit here.

**IV.**

Based on the foregoing, Plaintiff's Motion to Certify (ECF No. 11) is **GRANTED in part and DENIED in part.**  Defendant has seven days to produce the requested information pertaining to each potential class member.  The Court approves of Plaintiff's proposed documents, ECF Nos. 11-1–11-5, and the proposed methods of delivery, subject to the terms discussed above.

**IT IS SO ORDERED.**

**8/3/2020**                                                      **s/Edmund A. Sargus, Jr.**
**DATE**                                                            **EDMUND A. SARGUS, JR.**
                                                                       **UNITED STATES DISTRICT JUDGE**